946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DUDLEY, Defendant-Appellant.
 No. 91-5218.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 John Dudley appeals his conviction of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Dudley submits that the district court failed to make a de novo review of a magistrate's report following a suppression hearing, and that the warrantless search of his car did not comply with any of the recognized exceptions to the warrant requirement.
 
 
 2
 De novo review does not require the district court to recite the words "de novo" in the course of its review. It is the substance rather than the form of the review that matters. There is ample evidence in the record to show that the district court reviewed the magistrate's report de novo.
 
 
 3
 Moments before Dudley's car was searched, the police executed a valid search warrant on Dudley's apartment that produced drug paraphernalia and cocaine residue. The warrant to search the apartment was based on information provided by a reliable informant who had recently been inside the apartment and witnessed two individuals selling and storing cocaine. After arriving on the scene, Dudley responded evasively to police questions and replied ambiguously to their request to search the car. Applying the practical and nontechnical probable cause standard set forth in Illinois v. Gates, we find that the officers had probable cause to conduct the warrantless search of Dudley's car. Illinois v. Gates, 462 U.S. 213 (1983). Accordingly, the judgment entered by the district court is AFFIRMED.